APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 10/16/2023

The Clerk of the Court is respectfully directed to mail a copy of this endorsed application to Petitioner.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL BROWN,

    *Petitioner*

- against -

LETITIA JAMES, et. al.,

    *Respondent.*

**ATTORNEY AFFIRMATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**
20 Civ. 10491 (VSB)

COMES NOW, **JOEY JACKSON**, the Principal attorney of **JOEY JACKSON LAW, P.L.L.C.**, and counsel of record ("Counsel") for DARRYL BROWN ("Client"), respectfully requests leave of this Honorable Court that he be permitted to withdraw as attorney of record for said Petitioner, and as grounds therefore state as follows:

1. Rule 1.16(c)(1) of New York's Rules of Professional Conduct generally provides that counsel may withdraw from representation when it "can be accomplished without material adverse effect on the interests of the client." Indeed, New York courts have long held that an attorney may end the relationship with a client at any time for good cause and on reasonable notice to the client. In re Dunn, 205 N.Y. 398, 403 (1912); Matter of Tierra C., 643 N.Y.S.2d 822, 823 (4th Dep't 1996).

2. As is relevant herein, Local Rule 1.4 also provides: An attorney who has appeared as Attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of *satisfactory reasons for withdrawal* or

displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

3. For all the reasons set forth below, JOEY JACKSON LAW P.L.L.C's withdrawal from representation can be accomplished without a material adverse effect on the interests of the Defendant. As such, Counsel respectfully requests leave of this Court, pursuant to Local Rule 1.4, to be permitted to withdraw as attorney of record for Client.

4. Counsel has zealously represented Client for a period of several years. On or about September 19, 2016, Counsel handled Client's Criminal Jury Trial, which concluded on September 29, 2016. Client was ultimately Convicted on Monday, October 3, 2016 and Sentenced on November 2, 2016.

5. Subsequently, Counsel made a Motion for Bail Pending Appeal, which was Granted on January 31, 2017, resulting in Client's immediate release. A Brief was thereafter filed with the New York State Supreme Court, First Department, culminating in a reversal of Client's Conviction on or about February 20, 2018.

6. Thereafter, Counsel responded to the Bronx District Attorneys' Appeal by preparing yet another Brief, and thereafter arguing Client's Case to the Court of Appeals. The Court of Appeals ruled against Client on May 7, 2019, wherein they Ordered Client's Conviction reinstated.

7. Following the Court of Appeals Decision, Counsel, thereafter, filed a Writ of Habeas Corpus in Federal Court on December 22, 2020, in an effort to petition the Court to grant relief due to the state trial court's refusal to instruct the jury on the defense of justification.

8. On August 31, 2021, Magistrate Katharine Parker issued a Report and Recommendation, recommending that Client's Writ of Habeas Corpus be dismissed. Objections to Magistrate Parker's Decision were prepared and filed by Counsel on or about October 14, 2021.

9. On July 5, 2023, Counsel received an Opinion and Order from Your Honor, wherein Client's Petition to reverse his conviction was Dismissed. Thereafter, on July 14, 2023, Client submitted a letter asking for Counsel's office to send Your Honor's Decision, which was mailed to Client and emailed to Client's family. It was also related to Client's family at that time that Counsel's firm would not be taking any further steps on Client's behalf.

10. Counsel has passionately representing Client's interests for several years during multiple stages of these proceedings. Said representation has included all of the above described Legal Advocacy on behalf of the Client. In doing so, Counsel has reviewed pending Motion and Briefs before the Court; Submitted responsive Briefs and Moving papers advocating Mr. Brown's position; Conducted significant legal research associated with the case; engaged in Appellate Oral Arguments as mandated by the Court; and otherwise furthered the legal interests of the Client's in all respects.

11. The Firm is no longer in a position to represent Mr. Brown's interests on a Pro-Bono basis. We further do not have the ability to represent Mr. Brown even if the Firm was retained to do so given the limited resources available.

12. In light of these "satisfactory reasons for withdrawal" as well as "the posture of the case," see Local Rule 1.4, it is respectfully requested that Counsel be permitted to withdraw as counsel for any and all matters pertaining to the above-captioned matter. Mr. Brown has been given an extension until December 6, 2023 to file his own Appeal so as to protect his own interests.

WHEREFORE, JOEY JACKSON LAW, PLLC., respectfully requests that we be permitted to withdraw as attorney of record for DARRYL BROWN.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 13th day of October, 2023, a true and correct copy of the foregoing was sent via regular U.S. mail to Darryl Brown, DIN# 16A4922 at Clinton Correctional Facility 1156 Rt. 374 P.O. Box 2001 Dannemora, New York 12929.

DATED:   October 13, 2023
         New York, New York

_____
Joey Jackson
JOEY JACKSON LAW, PLLC
5 Penn Plaza, 23rd Floor
New York, New York 10001